JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Norberta Ramirez,

       Plaintiff,

  vs.

Normandy Mortgage, Co. et. al.

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No: 2:12-cv-05438-R-FFM

Judge: Honorable Manuel L. Real

## ORDER

**PROCEDURAL AND FACTUAL BACKGROUND.**

On January 27, 2010 Ramirez filed her first of three bankruptcy petitions in the Central District of CA. (*In re Ramirez*, No 2:10-bk-12953, Dkt #1). Three weeks later the case was dismissed because Ramirez failed to file documents listed in the "deficiency notice and order to comply." (*Id*. Dkt #8).

On August 9, 2010 Ramirez filed her second bankruptcy, also a Chapter 13 petition, in the Central District. (*In re Ramirez*, Case No. 2:10-bk-43231, Dkt #1). Six weeks later the case was dismissed because Ramirez "Failed to appear for examination" at the initial 341(a) meeting of creditors. (2:10-bk-43231, Dkt #10).

On September 28, 2010, the trustee sold the property at public auction. Ramirez refused to vacate forcing EmeryFed, the assignee of the mortgage, to initiated an unlawful detainer action against Ramirez in the Los Angeles County Superior Court

for possession of the property. (*EmeryFed v. Ramirez*, No. 11U01757). Ramirez serial bankruptcy filings delayed resolution of the unlawful detainer for fifteen months. On January 9, 2012 Judge Patrick Madden granted EmeryFed's motion for summary judgment awarding EmeryFed "immediate possession of the real property." On February 27, 2012 Ramirez appealed the summary judgment order, the appeal remains open.

On February 4, 2011, Ramirez filed the first of six complaints collaterally challenging the state foreclosure orders. (*Ramirez v. Normandy*, No. NC-55634). The first complaint was removed to this Court (*Ramirez v. Normandy*, No. 2:11-cv-1901 Dkt #1). On July 25, 2011, the action was "dismissed for failure" to prosecute and for "failure to appear for this Court's Order to Show Cause Hearing." (*Id*. Dkt #5).

On Feb. 2, 2012 Ramirez filed her third bankruptcy petition, a Chapter 13, in the Central District of California. (*In re Ramirez*, No. 2:12-bk-13859, Dkt #1). One week later EmeryFed filed a motion for relief from the automatic stay to complete the pending unlawful detainer case. (*Id*. Dkt #7). On March 14, 2012 the bankruptcy court granted EmeryFed's motion for relief from stay to "enforce its remedies to obtain possession of the Property" and further held that Ramirez intended to "delay, hinder or defraud" EmeryFed by "abusive bankruptcy filings" by transfer of the property without court approval and by multiple bankruptcy filings. (*Id*. Dkt #20). Ramirez did not appeal the bankruptcy court's order, instead she converted her Chapter 13 filing to Chapter 7. (*Id*. Dkt #34).

On Feb. 22, 2012 Ramirez filed her second complaint to invalidate the foreclosure, in an adversary proceeding in the bankruptcy court. (*Ramirez v. EmeryFed*, No. 2:12-ap-1238-BR, Dkt #1). The claims for wrongful foreclosure, violation of TELA, quiet title, fraud and unconsionability are still pending.

On March 30, 2012 Ramirez filed her third complaint collaterally attacking the foreclosure by removing to this Court the unlawful detainer action filed ten months prior. (*EmeryFed v. Ramirez*, No. 2:12-cv-2828-R, Dkt #1). The removal alleged that

"self-represented respondents can never prevail in any Los Angeles County unlawful detainer proceedings." (*Id*. pg. 11). This "Court should issue an order for abatement of all eviction prosecution in favor of a federal district court determination." (*Id*. pg. 17). On April 9, 2012 this Court remanded the case because this "Court has no jurisdiction over the Unlawful Detainer action." (*Id*. Dkt #4).

On April 3, 2012 Ramirez recorded the same deed issued to her in 2007, and filed her fourth complaint to invalidate the foreclosure by filing an unlawful detainer against EmeryFed. (*Ramirez v. EmeryFed*, No. 12U01092). On May 9, 2012 Ramirez secured a default against EmeryFed. On June 19, 2012 the Superior Court was informed of Ramirez failure to serve EmeryFed and the Court vacated its prior order and reinstated possession of the property in EmeryFed.

On June 18, 2012 Ramirez filed her fifth complaint collaterally attacking the foreclosure by removing to this court for a second time the unlawful detainer action, filed one year prior. (*EmeryFed v. Ramirez*, No. 2:12-cv-5285-R, Dkt #1). The removal alleged that the "state court would not listen and completely ignored" and "was bias and would not let [Ramirez] raise" her fraud claims. (*Id*. pg. 6). Ramirez property "was illegally sold under the disguise of the Non-Judicial Foreclosure." (*Id*. pg. 13). The "Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory." (*Id*. pg. 16).

On June 26, 2012 this Court held that this "is the second time defendant has improperly removed the same unlawful detainer action, which this Court previously remanded sua sponte back to state court for the same reasons it now sua sponte remands it again. . . Defendant is now hereby advised that if she removes this unlawful detainer action a third time, after being told by Court Order twice that she cannot, monetary sanctions may be imposed against her." (2:12-cv-5285-R, Dkt #5).

On June 22, 2012, Ramirez filed her sixth complaint collaterally attacking the adverse state foreclosure decisions. (*Ramirez v. Normandy*, No 2:12-cv-5438-R, Dkt

#1). The Complaint alleged that "defendants did not have the right to foreclose on the Subject Property." (Compl ¶ 40). "Defendants perpetrated a fraudulent loan." (*Id*.) That "power of sale" is "of no force and effect." (*Id*. ¶ 41). "Title to the Property remain" in Ramirez. (*Id*.) Defendants "conspired to steel Plaintiff's property." (*Id*. ¶ 129). Judge "Patrick Madden [who granted the motion for summary judgment] was biased, prejudiced against Plaintiff in the Unlawful Detainer action in the State court, denying Plaintiff her Constitutional rights to a Jury Trial." (*Id*. ¶ 190).

Ramirez prayer for relief sought "an injunction, enjoining any foreclosure proceeding on the Subject Property" a "judgment rescinding the Loan" ordering "defendants provide proof of authority to foreclose" and to "Quiet Title." (Compl. pg. 52). On July 9, 2012 Ramirez filed a Notice of Lis Pendens in this Court in order to cloud the title and prevent the pending sale of the property. (Dkt #5).

Before this court is defendants' motions to dismiss for lack of subject matter jurisdiction (docket no. 7, 8).

### ROOKER-FELDMAN BARS SUBJECT MATTER JURISDICTION

The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). If a plaintiff "seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). Rooker-Feldman bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil v. Saudi Basic Indust. Corp*., 544 U.S. 280, 284 (2005).

Ramirez had an opportunity in the state court action to address the very claims she raises in the complaint. Ramirez seeks an order that "defendants did not have the right to foreclose." (*Ramirez v. Normandy*, No 2:12-cv-5438-R, Dkt #1 Compl. ¶ 40).

That "title to the Subject Property remain" in Ramirez. (*Id*. ¶ 41) and an order that defendants "provide proof of authority to foreclose" and an order quieting title to the property. (Compl. pg. 52). The complaint before this Court is an appeal of the state court unlawful detainer orders and seeks to raise claims inextricably intertwined with those orders. Federal courts lack jurisdiction to review "state court's denial in a judicial proceeding" which seek "the same individual remedy [Ramirez] was denied in state court." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

The complaint at issue seeks to collaterally attack the adverse state court decision evicting Ramirez from the property. The complaint alleged that trial judge "Patrick T. Madden was bais, prejudice against [Ramirez] in the Unlawful Detainer action." (*Ramirez v. Normandy*, No. 2:12-cv-5438-R, Dkt #1 Compl. ¶ 190). Defendants "did not have the right to foreclose." (*Id*. ¶ 40). Defendants "perpetrated a fraudulent loan." (*Id*.) "Title to the Property remain" in Ramirez. (*Id*. ¶ 41). Defendants "conspired to steel [Ramire's] property." (*Id*. ¶ 129).

Here, it is clear that plaintiff's complaint is nothing more than an effort to relitigate issues already raised in the state court proceeding. Plaintiff simply disagrees with the outcome in the unlawful detainer action and seeks to a different outcome. This action is nothing more than a de facto appeal of the state court judgement and, as such, this Court is without jurisdiction to hear the claims.

Additionally, plaintiff's claims against Judge Madden are barred by absolute judicial immunity and the Eleventh Amendment; therefore, defendant's motion to dismiss are granted with prejudice.

Finally, plaintiff has filed a dozen actions in various federal and state courts. These actions appear to be part of an effort by plaintiff to frustrate defendant's legitimate right to foreclose on the property secured by their loan and to evict plaintiff from the premises. **Plaintiff is now deemed to be a vexatious litigant and will face sanctions on continued matters with reference to *Ramirez vs. Normandy Mortgage Company* and other defendants sued therein, and must receive permission from**

**the Court to file any further actions deriving from her foreclosure actions in state court.**

IT IS ORDERED that the motion to dismiss for lack of jurisdiction is GRANTED, AND THE ACTION IS DISMISSED IN ITS ENTIRETY AS TO ALL DEFENDANTS, WITH PREJUDICE.

Dated: Sept. 26, 2012

U.S. District Judge Manuel L. Real

cc:  Sharon McGee-Traylor, Manager of Court Operations